# United States District Court
## for the
## Western District of New York

United States of America

v.

STACY SAMUELS

*Defendant*

Case No. 14-M-1027


FILED APR 07 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about March 20, 2014, in the Western District of New York, the defendant did knowingly and intentionally attempt and conspire to commit a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) distribution and possession with intent to distribute 50 grams or more of methamphetamine – a controlled substance – in violation of Title 21, United States Code, Section 846.

This Criminal Complaint is based on these facts:

☒ Continued on attached Affidavit.

X _____
*Complainant's signature*

JASON SIUDA, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 7, 2014

_____
*Judge's signature*

HON. HUGH B. SCOTT
United States Magistrate Judge
*Printed name and title*

City and State: Buffalo, New York

# AFFIDAVIT

State of New York )
County of Erie ) SS:
City of Buffalo )

I, **JASON SIUDA**, being duly sworn, depose and say as follows:

1. I am employed as a Special Agent with United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), within the Department of Homeland Security ("DHS"). I have been employed as a Special Agent with HSI since August 2009. As part of my duties, I have investigated offenses within the jurisdictional authority of HSI, including crimes related to narcotics smuggling and money laundering. I have been responsible or have participated in the investigation and prosecution of cases involving large scale cocaine, ecstasy and marijuana distribution organizations. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used and how drug traffickers use other persons and/or their personal property to facilitate their illegal activities.

2. I make this affidavit in support of a Criminal Complaint against STACY ANN SAMUELS, charging her with a violation of Title 21, United States Code, Section 846 (Conspiracy to possess with intent to distribute a controlled substance). Because this

Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation.

3.   On March 20, 2014 at or about 6:39 P.M., a Blue Hyundai Tiberon bearing Ontario registered license plate BSNE867 was subjected to an outbound inspection at the Rainbow Bridge Port of Entry (POE) in Niagara Falls, NY. The vehicle was occupied by a passenger and a driver Karone Aaron JOHNSON (XX/XX/1992). During the secondary examination of the vehicle, Officer LaRosa and Officer Bush noticed that some of the screws securing a speaker into a speaker box located in the rear cargo hatch area appeared to be newer than others. The speaker was removed from the box revealing three plastic grocery bags inside of the speaker box. Once the grocery bags were removed, five packages containing a hard, off-white crystalline substance were discovered. The substance field tested positive for the properties of Methamphetamine using Reagent Test Kit #923. The five packages of suspected methamphetamine had a net weight of 2,387.9 grams. Blue gloves and a screwdriver were also found in the trunk of the vehicle and seized as evidence.

4.   At approximately 7:50 P.M. your affiant and Special Agent John Kosich arrived at the Rainbow Bridge Port of Entry. At

approximately 8:10 P.M. Special Agent Kosich and your affiant escorted the passenger to a secure interview room on the 2nd floor of the Rainbow Bridge Port of Entry. At approximately 8:12 P.M. Special Agent Kosich completed US Marshals form 312, Personal History of Defendant. At approximately 8:18 P.M., your affiant advised the passenger of his Miranda rights from a preprinted Department of Homeland Security Miranda Rights form as witnessed by Special Agent Kosich. The passenger stated that he fully understood his rights and was willing to speak to investigators. In sum and substance, the passenger stated that he met JOHNSON in September 2013 and both attend culinary school together in Niagara Falls, Canada. The passenger and JOHNSON were both in a class together on March 20, 2014 that ended at 12:30 P.M. After class, the passenger and JOHNSON agreed to travel to the United States for the purpose of going to the Seneca Nation Casino. Before crossing into the United States, JOHNSON left him at school for the stated purpose of dropping off a female friend and meeting with his cousin. The passenger stayed at school and was with friends until JOHNSON came back to pick him up, which was at approximately 2:30 P.M. according to the passenger. Before traveling to the United States, JOHNSON drove to a Canadian Tire store in Niagara Falls, Ontario and purchased a screwdriver as witnessed by the passenger. JOHNSON told the passenger that he was purchasing it so he could tighten his subwoofer. After exiting the store, the

3

passenger entered the passenger seat of JOHNSON's vehicle while JOHNSON appeared to go in the back and tighten his subwoofer. After this, JOHNSON and the passenger drove across the Rainbow Bridge into the United Sates and parked in the parking ramp of the Seneca Nation Casino. The passenger stated that they gambled for approximately an hour and a half inside the casino. During this time, JOHNSON stated to the passenger that he was waiting for his mother to arrive and they could not leave until she showed up. At one point, JOHNSON left the casino, stating his mother was there. The passenger looked on as JOHNSON drove his vehicle to the outside open air parking lot and appeared to meet with an SUV. Shortly thereafter, JOHNSON's blue Hyundai sedan and the unknown SUV departed the open air parking lot and the passenger feared that JOHNSON had left him stranded in the casino. When the passenger encountered JOHNSON several minutes later in the enclosed parking ramp of the casino, JOHNSON told the passenger to get in his Hyundai and they were leaving. The passenger saw the unknown SUV waiting behind JOHNSON's vehicle and asked JOHNSON if he would like to introduce the passenger to his mother, but JOHNSON declined stating that she had upset him. JOHNSON and the passenger departed the casino with the unknown SUV following behind them. JOHNSON and the passenger did not stop anywhere else before attempting to exit the United States.

5. At approximately 9:02 P.M. Special Agent Kosich and your affiant escorted Karone JOHNSON to a secure interview room on the 2nd floor of the Rainbow Bridge Port of Entry. At approximately 9:04 P.M. Special Agent Kosich completed US Marshals form 312, Personal History of Defendant. At approximately 9:07 P.M., your affiant advised JOHNSON of his Miranda rights from a preprinted Department of Homeland Security Miranda Rights form as witnessed by Special Agent Kosich. JOHNSON stated that he fully understood his rights and was willing to speak to investigators. JOHNSON signed and dated the waiver portion of the preprinted Department of Homeland Security Miranda Rights form, memorializing that he understood his rights and was willing to answer questions without a lawyer present. In sum and substance, JOHNSON stated that he was expecting to be paid $3,500.00 to bring something illegal across the United States border into Canada on behalf of Andrie SAMUELS. JOHNSON did not know specifically what the substance was, but knew it was bad and assumed it was drugs. JOHNSON explained that earlier that day, JOHNSON attended class with his friend in Canada and the two agreed to go to the Seneca Nation Casino in Niagara Falls, NY. JOHNSON suggested to his friend that his friend take his own car, but his friend said he didn't want to and asked JOHNSON to come back to school to pick him up before he crossed into the United States. After class, JOHNSON dropped off a female friend at her house. Then he traveled

to the Travel Lodge in Niagara Falls, Ontario and met with a Jamaican male named Andrie SAMUELS who he had previously arranged to meet with. Andrie SAMUELS informed JOHNSON that he would be paid $3,500.00 after meeting with a Stacy SAMUELS in Niagara Falls, NY and taking an unknown substance back to Canada with him. JOHNSON stated to investigators that he is related to Stacy and Andrie SAMUELS. JOHNSON also stated that Andrie SAMUELS took him into custody after JOHNSON was temporarily in foster care as a teenager. He was told by Andrie SAMUELS to park on the 2nd level of the enclosed casino parking ramp. JOHNSON agreed and planned to return to the Travel Lodge after dropping off his friend in Canada at the end of the trip. JOHNSON then proceeded to drive back to his school to pick up his friend. Before crossing back into the United States, JOHNSON stopped at the Canadian Tire store in Niagara Falls, Canada and purchased a box-head screw driver to use on his subwoofer/speaker box. JOHNSON and his friend - the passenger - then crossed into the United States and went directly to the Seneca Nation Casino, parking on the 2nd level of the enclosed parking ramp as he had been instructed. JOHNSON and his friend gambled for an hour and a half before his friend wanted to leave and go back to Canada. JOHNSON told his friend he couldn't leave yet because he had to meet his "mother" there, although he knew in fact he would not be meeting with his mother and instead would be meeting Stacy SAMUELS. Eventually,

JOHNSON received a text message stating that Stacy SAMUELS was waiting outside. JOHNSON left his friend in the casino while JOHNSON drove his blue Hyundai to the outside open air parking lot of the Seneca Nation Casino and met with Stacy SAMUELS who was driving an SUV. JOHNSON and SAMUELS met briefly outside, then JOHNSON and SAMUELS drove their respective vehicles to the first floor of the enclosed casino parking lot ramp. From there, JOHNSON and SAMUELS opened the trunks of their vehicles. SAMUELS wore two blue gloves while JOHNSON wore one blue glove. SAMUELS retrieved several plastic bags from the trunk of her vehicle, and JOHNSON removed one of the speakers from the speaker box and placed the plastic bags filled with an unknown substance into the speaker box before returning the speaker to its proper position. JOHNSON then used his screwdriver to put the previously removed screws back onto the speaker box. JOHNSON removed his glove at one point and handled a portion of either the plastic bag or speaker box with his bare hand, so SAMUELS poured what JOHNSON believed to be vinegar on his hands. JOHNSON then proceeded to drive his vehicle up the ramp for the purpose of picking up his friend, with SAMUELS in the SUV following behind him. JOHNSON then proceeded directly to the Rainbow Bridge and intended to reenter Canada. SAMUELS followed him until he was stopped by Customs and Border Protection Officers and she was allowed to proceed ahead.

6. Stacy Ann SAMUELS crossed the Rainbow Bridge Port of Entry (POE) on March 20, 2014 at approximately 2:45 P.M. as the sole occupant of a Silver 2008 Mazda CX9 bearing Ontario license plate BSMM092. Information received from the Canada Border Services Agency (CBSA) indicates that SAMUELS returned to Canada at approximately 6:40 P.M. on March 20, 2014 via the Rainbow Bridge Port of Entry (POE) once again as the sole occupant of a Silver 2008 Mazda CX9 bearing Ontario license plate BSMM092. Video surveillance footage taken at the Rainbow Bridge on March 20, 2014 revealed that a silver Mazda CX9 was behind Karone JOHNSON's Blue Hyundai Tiberon as he attempted to exit the United States at approximately 6:39 P.M.

**WHEREFORE**, based on the foregoing, I respectfully submit that probable cause exists to believe that on or about March 20, 2014, in the Western District of New York, STACY ANN SAMUELS did knowingly and intentionally attempt and conspire to commit a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) distribution and possession with intent to distribute 50 grams or more of methamphetamine – a controlled substance – in violation of Title 21, United States Code, Section 846.

X _____
JASON SIUDA
Special Agent, Homeland Security Investigations.

Sworn to before me
this 7th day of April, 2014

_____
HON. HUGH B. SCOTT
United States Magistrate Judge

9