UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

STACY SAMUELS,

       Defendant.
_____

**REPORT, RECOMMENDATION AND ORDER**

14-CR-00089-RJA-JJM

    Defendant Stacy Samuels is charged, along with co-defendant Karone Johnson, in a four-count Superseding Indictment [24][1] with, *inter alia*, attempting to export methamphetamine from the United States into Canada on March 20, 2014, in violation of 21 U.S.C. §963 and 18 U.S.C. §2. [2] Before me is Samuels' motion to suppress eavesdropping evidence (Schwartz Affirmation [28], ¶¶67-71)[3] and the government's cross-motion for reciprocal discovery. Government's Opposition [34], Point VII.

    This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings. May 8, 2014 Text Order; May 30, 2014 Text Order [19]. Oral argument was held on September 26, 2014 [35]. For the following reasons, the government's cross-motion is granted, and I recommend that Samuels' motion be denied.

---

  [1]  Bracketed references are to CM-ECF docket entries.

  [2]  The Superseding Indictment [24] also contains a forfeiture allegation.

  [3]  At the September 26, 2014 oral argument, Samuels agreed that all portions of her pretrial motion [28], other than her motion for suppression of eavesdropping evidence, were moot.

# BACKGROUND

Samuels, who resides in Canada,[4] alleges that her "communications were monitored during the course of the investigation . . . both in the United States and Canada" through a "warrant issued by a Canadian magistrate". Schwartz Affirmation [28], ¶68-69. That warrant, which was obtained by the Royal Canadian Mounted Police ("RCMP") on January 30, 2014, has been provided to Samuels, but neither she nor the United States are in possession of the underlying application. Schwartz Affirmation [28], ¶69; Government's Opposition [34], pp. 17 n.1, 18.

# ANALYSIS

A.   **Samuels' Motion to Suppress Eavesdropping Evidence**

"When conducted in this country, wiretaps by federal officials are largely governed by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 . . . ., but . . . this statute does not apply outside the United States." United States v. Getto 729 F.3d 221, 228, n. 7 (2d Cir. 2013). Therefore, "suppression is generally not required when the evidence at issue is obtained by foreign law enforcement officials". Id. at 227. However, the court has recognized "two circumstances where evidence obtained in a foreign jurisdiction may be excluded: first, where the conduct of foreign officials in acquiring the evidence is so extreme that it shocks the judicial conscience and second, where cooperation with foreign law enforcement officials may

---

[4]   *See* Pretrial Services Report dated April 9, 2014. Samuels advised Pretrial Services that she has dual Canadian and United States citizenship (id., p. 2). However, law enforcement advised Pretrial Services that she had no status in the United States and that an immigration detained had been lodged (id.).

implicate constitutional restrictions". Id. at 228. "[U]nder the 'constitutional restrictions' exception, constitutional requirements may attach in two situations: (1) where the conduct of foreign law enforcement officials rendered them agents, or virtual agents, of United States law enforcement officials; or (2) where the cooperation between the United States and foreign law enforcement agencies is designed to evade constitutional requirements applicable to American officials". Id. at 230.

Without citation to any supporting authority, Samuels argues that "[t]he fact that the warrant was issued by a Canadian magistrate is of no moment since [her] communications were being monitored while she was in the United States". Schwartz Affirmation [28], ¶71. However, even if this warrant was issued by a United States Court, Samuels offers nothing (other than speculation) for her generalized arguments that there was "an insufficient basis to support a finding of probable cause and or necessity" . Id. at ¶70.

Likewise, without any evidentiary support or specification, Samuels surmises that the warrant was the product of a joint venture between the United States and Canada and that the methods used to obtain the warrant would shock the judicial conscience. Schwartz Affirmation [28], ¶71. In the absence of any evidence demonstrating that Canadian law enforcement's conduct was conscience shocking, that they acted as "virtual agents" of the United States or that they acted in concert with the United States to evade constitutional requirements, there is no basis for suppression.

The absence of any evidence supporting Samuels' allegations is likewise fatal to her request at oral argument that an evidentiary hearing be conducted. *See* Getto, 729 F.3d at 227 n.6 ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers

are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question"); United States v. Mitro, 880 F.2d 1480, 1484 (1st Cir. 1989) ("Defendants' challenge to the evidence derived from the judicially authorized wiretap has consisted solely of conclusory, general allegations; they have failed to allege any facts regarding specific acts on the part of the RCMP that would even suggest circumstances that would shock the judicial conscience. An evidentiary hearing was not required in such circumstances").

At oral argument Samuels contended that her ability to advance her motion is hampered by her inability to obtain the supporting application for the wiretap. However, neither the court nor the government is obligated to obtain these materials. United States v. Lee, 723 F.3d 134, 142 (2d Cir. 2013), cert. denied, __ U.S.__, 134 S.Ct. 976 (2014) (The "two narrow exceptions [to the rule that the Fourth Amendment's exclusionary rule does not operate to bar the introduction of evidence obtained abroad ] do not suggest, much less require, that the government or the District Court had a duty to review the legality, under Jamaican law, of the applications for surveillance authority considered by Jamaican courts"). In fact, these materials are equally available to Samuels, who could have sought these materials through letters rogatory pursuant to 28 U.S.C. §1781. See id. at 142 n.6. Therefore, I recommend that Samuels' motion to suppress the eavesdropping evidence be denied, without prejudice.

**B.      Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Fed. R. Crim. P. ("Rule") 16(b). Government's Opposition [34], Point VII. Samuels has not opposed this

request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304-05 (W.D.N.Y.2007) (Foschio, M.J./Arcara, J.).

**CONCLUSION**

For these reasons, the government's cross-motion for reciprocal discovery (government's Response [34], Point VII) is granted, and I recommend that Samuels' motion to suppress eavesdropping evidence (Schwartz Affirmation [28], ¶¶67-71) be denied, without prejudice.

Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by October 20, 2014 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: October 2, 2014

                                           /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge