UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.

DOCKET No. 14-CR-89 A

KARONE JOHNSON

        Defendant

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTION**

**PRELIMINARY STATEMENT**

The Defendant filed his pretrial motion on October 24, 2014. (DKT.#42). The government filed its Response on April 24, 2015 (DKT.#62).

In its Response, the government, among other things, opposes the Defendant's request that the Court suppress conversations and text messages which it intercepted on the claimed authority of a Canadian wiretap warrant. (DKT.#62 at 6-12).

Set forth below is the Defendant's Reply to the government's arguments. The Defendant rests on his motion with respect to the other issues.

**ARGUMENT**

The parties acknowledge that, in general, courts do not inquire into the validity of foreign wiretap orders and evidence derived from these orders is admissible at trial. (DKT.#42 at 4, DKT.#62 at 7). Similarly, both parties acknowledge the authority of *United States v. Getto*,

729 F. 3d 221 (2d Cir. 2013) and *United States v. Lee,* 723 F.3d 134 ( 2d Cir. 2013).

However, in its Response, the government does not address the unique facts of the case at bar in that unlike the fact pattern in *Getto* and *Lee,* the wiretap activity, here, actually took place in the United States. This, is an important fact in that unlike those cases where there is a foreign wiretap order and foreign police activity, in the instant proceeding, the police activity takes place in the United States. Thus, there is a role for the Court to play , here, in making certain that the police conduct is not illegal. By extension, the government's argument is that law enforcement along border areas of the United States need not be bound by the requirements of Title III but instead, can rely on Canadian wiretap orders. It seems incongruous that a defendant using a telephone in Niagara Falls, New York, whose calls are being monitored pursuant to a Title III order has the ability to challenge the order and if it is determined to be illegal, to have any evidence obtained suppressed and that a similarly situated defendant, who by happenstance has his calls in the United States intercepted across the Niagara River, is not entitled to the same protections of U.S. law. Clearly, in this example, both defendants have a reasonable expectation, the privacy in their telephone communications. The government should not be permitted to insulate from scrutiny the actions of its agents merely because they are relying on a foreign wiretap order.

**CONCLUSION**

The Defendant respectfully reiterates and incorporates by reference the arguments made in his pretrial motion and requests the Court to order a hearing with regard to the

legality of the interceptions of the Defendant's telephone communications.

Dated: Buffalo, New York
April 27, 2015

                    S/ Patrick J. Brown
                    _____
                    Patrick J. Brow, Esq.
                    Losi & Gangi
                    Attorneys for the Defendant
                    147 Linwood Avenue
                    Buffalo, New York `14209
                    (716) 854-1446

Edward H. White, Esq.
Assistant U. S. Attorney
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202