UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        V.

                                                                DOCKET No.  14-CR-89 A

KARONE JOHNSON

        Defendant
_____

## OBJECTION TO REPORT, RECOMMENDATION AND ORDER

### PRELIMINARY STATEMENT

The Defendant, filed a pretrial motion seeking various forms of relief.  DKT#42.  Principally, he argued for the suppression of certain intercepted wire communications.  DKT# 42 Point II.  The Magistrate Judge heard oral argument on behalf of the parties on May 14, 2015 and issued a Report and Recommendation on June 9, 2015, denying the Defendant's request for suppression.  DKT#69.  What follows are the Defendant's Objections to this Report and Recommendation.

### ARGUMENT

On March 20, 2014, the Defendant was stopped by government agents as he was in the process of traveling from Niagara Falls, New York back to Canada.  The stop occurred on the Rainbow Bridge.  The Defendant was arrested and a quantity of methamphetamine was discovered in the trunk of the vehicle he was operating.

The Defendant came to the attention of the U.S. authorities from Canadian law

1

enforcement officials who were investigating Andre Samuels and others. During the course of this Canadian investigation, wire communications were intercepted between the Defendant, Karone Johnson and co-defendant Stacey Samuels. The government has provided the defense with copies of recordings of these intercepted communications. At the time of these electronic interceptions, Karone Johnson was located in the parking garage of the Niagara Seneca Casino located in Niagara Falls, New York, USA. It is not believed that any of These facts are in dispute.

In his suppression motion, the Defendant argues that these intercepted Communications should be suppressed because he was physically present in the United States at the time of the interceptions and there was no Title III order authorizing them. This is a feature of the Defendant's motion which, it is submitted, distinguishes this case from those which generally disallow suppression of foreign wiretap evidence used in U.S. courts, (See, *United States v. Getto*, 729 F. 3d 221, 228(2d Cir. 2013); *United States v. Lee,* 723 F. 3d 134(2d Cir. 2013)). In the case at bar, the intercepted calls were made to a cellular telephone. It is common knowledge that these phones operate by receiving transmissions from cell phone towers. Given the Defendant's location in the Seneca Niagara Casino, it is likely that the tower from which his calls were intercepted was located in the United States.

In recommending that the Defendant's motion be denied, the Magistrate Judge relies heavily on the holdings in *United States v. Cotroni,* 527 F. 2d 708(2d Cir. 1975), *cert. denied,* 426 U.S. 906(1976) and *Stowe v. DeVoy,* 588 F.2d 336, 2d Cir. *cert.denied.* 442 U.S. 931(1979). It is respectfully submitted, however, that these cases are factually distinguishable from the case at bar and as a result, do not support the Report and Recommendation.

At the outset, it is noted that because *Cotroni* and *Devoy* were decided in the 1970s, it Is highly unlikely they involved cell towers or cellular telephones. *Devoy* is distinguishable from the instant proceeding because it was a *Habeus corpus* case. There was no U.S. prosecution. The Defendant was litigating his extradition to Canada. 588 F. 2d at 337. The charges in that case were pending in Montreal, Canada. *Id.* at 338. The wiretap and the prosecution all took

place in Canada, even though, apparently, some calls were routed through the United States. *Id.* 342 n. 12. Because *Cotroni was a Habeus corpus* proceeding, with no prosecution in the United States, it is factually so dissimilar from the instant proceeding as to provide no guidance. At first, the *Cotroni* case appears to be factually similar to the present proceeding. However, a significant factor present in the case at bar is absent there. *Cotroni* involved a gambling investigation undertaken by Canadian law enforcement authorities. 527 F. 2d at 710. Wire taps were placed on the home telephones and those located in a social club frequented by the subjects of the investigation. *Id.* Part of these communications moved through the United States telephone system. *Id.* at 711. However, the prosecution that took place in the United States and was based on the importation of cocaine. Thus, unlike in the case at bar, there was no ongoing cooperation between the Canadian and U.S. law enforcement authorities during the investigation phase of the defendants and, most importantly, no collaborative efforts during the period of time that the wiretaps were up.

    On March 20, 2014, the Canadian authorities had to have been in regular contact with U.S. authorities, otherwise, the U.S. authorities would have had no reason to be surveilling this Defendant. This creates a somewhat unique circumstance in that the U.S. law enforcement authorities derivatively benefitted from the Canadian wiretap but did not have to satisfy the requirements of Title III. To be sure, as stated above, the U.S. Courts generally will not invoke suppression powers over evidence obtained abroad that is used in a U.S. prosecution. However, here, where electronic surveillance is being contemporaneously relied on by U.S. government agents, there is a distinction that makes a difference.

    It is common knowledge that in border areas such as Niagara Falls, New York, cellular telephone calls can ping off of cell towers located across the border. However, this should not mean that individuals using cellular telephones in this area forfeit the protections of Title III merely because of a happenstance of location.

The investigation of the Defendant was undertaken jointly with Canadian law enforcement agents. The interception of the Defendant's cellular communications occurred contemporaneously with, and were part of this investigation on U.S. soil. The fact that the actual monitoring of these communications may have taken place in Canada after signals were likely bounced off a cell tower located in the United States should not insulate them from judicial review. The communications were made in the United States, the surveillance was undertaken in the United States, the Defendant was arrested in the United States and is being prosecuted here. His reasonable expectation of privacy in his cell phone communications was not forfeited because of his geographic proximity to Canada.

## CONCLUSION

It is respectfully requested that this Court pursuant to Fed. R. Crim. P. 59(b)(3) and WDNY Local Rule 59(b)(2) make a *de novo* review of the issues set forth above and reject the Report and Recommendation.

Dated: Buffalo, New York

June 15, 2015

S/ Patrick J. Brown

Patrick J. Brow, Esq.
Losi & Gangi
Attorneys for the Defendant
147 Linwood Avenue
Buffalo, New York  `14209
(716) 854-1446

Edward H. White, Esq.
Assistant U. S. Attorney
Federal Centre
138 Delaware Avenue

4

138 Delaware Avenue
Buffalo, New York   14202