IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        v.                                    14-CR-089-A

KARONE JOHNSON,

               Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

     The defendant, KARONE JOHNSON, through his attorney, Patrick J. Brown, Esq., filed objections (dkt. no. 70) on June 17, 2015 to the Report and Recommendation of United States Magistrate Judge Jeremiah J. McCarthy (dkt. no. 69) filed on June 9, 2015 (R&R), which recommended denial of the defendant's motion to suppress all communications intercepted by Canadian law enforcement officials pursuant to a Canadian wiretap.

     The United States of America, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, Edward H. White, Assistant United States Attorney, hereby makes and files its response to the defendant's objections and urges the Court to adopt the findings of the magistrate's Report and Recommendation and deny the defendant's motion to suppress.

**ARGUMENT**

I.    **THE MAGISTRATE CORRECTLY DETERMINED THAT THERE WAS NO BASIS TO SUPPRESS THE DEFENDANT'S COMMUNICATIONS THAT WERE INTERCEPTED BY CANADIAN OFFICIALS PURSUANT TO A CANADIAN WIRETAP.**

In his Report and Recommendation, the magistrate correctly concluded that Title III of the Omnibus Crime Control and Safe Streets Act, which governs wiretaps by federal officials in the United States, does not apply outside of the United States and, as a result, suppression of evidence obtained by foreign law enforcement officials generally is not required.   R&R at 3-6.   The defendant argued that in his case, however, his intercepted communications should be suppressed because he was physically present in the United States when some of his communications were intercepted by the Canadian authorities. Def.'s Mot. at 3-5 (dkt. no. 42); Def.'s Objs. at 2-3 (dkt. no. 70).


The magistrate, however, rightfully rejected this contention and concluded that even if the defendant was in the United States when some of his cellular telephone communications with his co-conspirators were intercepted, that did not matter as the interceptions were made by Canadian officials pursuant to a Canadian wiretap, not by United States officials, and cited <u>United States v. Cotroni</u>, 527 F.2d 708, 711 (2d Cir. 1975) and <u>Stowe v. Devoy</u>, 588 F.2d 336, 342 n.12 (2d Cir. 1978) in support of this proposition. R&R at 4.   In particular, the magistrate noted that " 'it is not the route followed by foreign communications which determines the application of Title III; it is where the interception took place.' <u>United States v. Cotroni</u>, 527 F.2d 708, 711 (2d Cir. 1975), <u>cert. denied</u>, 426 U.S. 906 (1976).   <u>See</u> <u>Stowe v. Devoy</u>, 588 F.2d 336, 342 n.12 (2d Cir. 1978), <u>cert. denied</u>, 442 U.S. 931 (1979) ('That Stowe was in the United States when his calls were intercepted

does not change the result here.  The law of the locality in which the tap exists (and where the interception takes place) governs its validity, even though the intercepted phone conversations traveled in part over the United States communication system')."  R&R at 4.

In his Objection, the defendant attempts to distinguish these two cases with the hope of avoiding their clear holdings.  See Def.'s Obj. at 2.  The defendant first argues that neither of these two cases involved cell phone technology or cell towers, but that is irrelevant.  Both Cotroni and Stowe involved telephone communications that partially occurred in the United States and the principle that the law of the locality in which the wiretap exists governs its validity is not contingent on the technology underlying the telecommunications. Title III simply does not apply to communications that may have traveled through the United States but were intercepted in Canada by Canadian authorities pursuant to a Canadian wiretap regardless of whether the communications were transmitted through land lines or through cell towers.

The defendant next asks the Court to disregard the decision in Stowe simply because it involved a writ of habeas corpus where there was no U.S. prosecution and the defendant was challenging his extradition to Canada to face prosecution there.  Def.'s Obj. at 2.  Once again, these distinctions in the Stowe case in no way affect its holding that intercepted telephone conversations between Stowe, while he was in New York, and one of his co-conspirators, who was in Canada, were admissible at his extradition hearing before a United States magistrate judge in federal court because the conversations were intercepted by Canadian officials in Canada pursuant to a Canadian wiretap.  See Stowe, 588 F.2d at 342

n.12.   Here, as in <u>Stowe</u>, one of the defendant's alleged co-conspirators was in Canada at the time of his communications with the defendant, and the Canadian officials had the wiretap on the co-conspirator's phone, not the defendant's, so the interceptions occurred in Canada.   Accordingly, <u>Stowe</u> is directly on point and indicates that the defendant's motion to suppress should be denied.

The defendant's attempts to distinguish <u>Cotroni</u> fare no better.   The defendant contends that in <u>Cotroni</u> there was no ongoing cooperation between Canadian and American law enforcement officials, while in this case the Canadian and American agents worked together on March 20, 2014 when the defendant entered the United States to pick up the methamphetamine and attempted to transport it back to Canada.   <u>See</u> Def.'s Obj. at 3-4.   The fact that there was some cooperation between Canadian and American agents on March 20, 2014 when the defendant crossed the border is immaterial to the holding in <u>Cotroni</u> that despite the fact that intercepted telephone conversations traveled in part over the United States communication system, such conversations were not subject to suppression in a United States court where the interception was done by Canadian officials and were not initiated or controlled by American officials.   <u>See</u> <u>Cotroni</u>, 527 F.2d at 711-12. While American officials assisted in the surveillance of the defendant and his co-conspirators when they crossed the border into the United States on March 20, 2014, that was the first time American agents were even notified of the existence of this investigation. The RCMP independently obtained the wiretap warrant from a Canadian judge on January 30, 2014 – nearly two months before any members of United States law enforcement became involved in the case.   Accordingly, American agents had no role in initiating,

controlling, directing, or intercepting the wiretapping of the phones in this case.  See Cotroni at 712 (finding that Canadian wiretap did not implicate the U.S. Constitution where "the United States government did not in any way initiate, supervise, control or direct the wiretapping.").

As demonstrated, the decisions in Cotroni and Stowe are directly applicable to the facts of this case and they establish that communications that are intercepted by foreign officials in a foreign country are not subject to suppression by a United States court even if the communications traveled to some degree over the United States communications system.  The magistrate, thus correctly determined that the defendant's motion to suppress the intercepted communications should be denied.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court adopt the recommendations of the magistrate and deny the defendant's motion to suppress his communications that were intercepted by Canadian authorities pursuant to a Canadian wiretap.


DATED:      Buffalo, New York, July 1, 2015.


                              WILLIAM J. HOCHUL, JR.
                              United States Attorney


                    BY:    s/EDWARD H. WHITE
                           Assistant United States Attorney
                           United States Attorney's Office
                           Western District of New York
                           138 Delaware Avenue
                           Buffalo, New York 14202
                           716/843-5862
                           Edward.H.White@usdoj.gov


To: Patrick J. Brown, Esq.